UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- x
UNITED STATES OF AMERICA,

        - against -                                            **ORDER**
                                                                     18-CR 609 (HG)
ALFRED LOPEZ,
HIMEN ROSS,
ANTHONY ZOTTOLA, SR.,

                Defendants.
------------------------------------------------------- x

GONZALEZ, District Judge

      Non-party Jerry Capeci of Gang Land News moves to unseal two documents: (1) the government's motion to preclude cross-examination on certain disclosures pursuant to United States v. Giglio, 405 U.S. 150 (1972) (ECF No. 462), and (2) an exhibit attached to a motion in limine filed by defendant Anthony Zottola consisting of text messages exchanged with an alleged co-conspirator (ECF No. 464). The motion, ECF No. 465, is granted in part and the parties are directed to refile the documents at issue with the redactions described herein.

      "It is 'well settled that the public and press have a qualified right of access to judicial documents and records filed in civil and criminal proceedings.'" United States v. Silver, 15-cr-93, 2016 WL 1572993, at *3 (S.D.N.Y. Apr. 14, 2016) (quoting Doe v. Pub. Citizen, 749 F.3d 246, 265 (4th Cir. 2014)). A request to redact or unseal judicial documents is subject to the three-part test set forth in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). First, the Court must conclude that the document at issue is a "judicial document" by examining whether it is "relevant to the performance of the judicial function and useful in the judicial process." Id. at 119. If the Court determines the documents are judicial documents, a common-law presumption of access attaches, and the Court must then determine the weight to be given that presumption. Id. Finally, the Court must balance the weight of presumption of access against

any countervailing factors that are present, which may include, but are not limited to, "'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" Id. at 120 (quoting United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995)).

A. **The Government's Giglio Motion**

The government's Giglio motion details arrests, convictions, civil actions, and disciplinary investigations involving the government's trial witnesses. The motion also includes the mental health history of one witness.

The unsubstantiated Internal Affairs Bureau ("IAB") and Civilian Complaint Review Board ("CCRB") claims contained in the Giglio motion are "unreliable, speculative, and immaterial." United States v. Jackson, No. 19-cr-356, 2020 WL 7385692, at *1 (E.D.N.Y. Dec. 16, 2020). These unsubstantiated claims implicate the privacy interests of these third parties and present a risk of unwarranted reputational harm. See Amodeo, 71 F.3d at 1051 (2d Cir. 1995) ("Raw, unverified information should not be as readily disclosed as matters that are verified."); Gannett Co. v. Herkimer Police Dep't, 169 N.Y.S.3d 503, 507 (N.Y. Sup. Ct. 2022) ("[T]he disclosure of records related to unsubstantiated claims would constitute an unwarranted invasion of personal privacy."). Accordingly, in an unsealed version of the Giglio motion, the government is directed to redact in full any references to, and the underlying facts of, any unsubstantiated claims.

With respect to substantiated IAB and CCRB claims, the majority are irrelevant to the facts and anticipated testimony in this case. Moreover, the public has only limited access to IAB

and CCRB disciplinary investigations,[1] though they may be requested through the Freedom of Information Law. See Uniformed Fire Officers Ass'n v. Blasio, 846 F. App'x 25, 31 (2d Cir. 2021). Considering this limited relevance and public access, the Court is reluctant to allow the Giglio motion to become a vehicle for the public disclosure of investigations involving nearly thirty law enforcement agents. On the other hand, the Court is mindful that the Giglio motion is a judicial document relevant to cross examination at trial, and that the presumption of public access serves the critical purpose of furthering public confidence in, and accountability for, the actions of federal courts. Amodeo, 71 F.3d at 1048. To balance these interests, the Court directs the government to redact the facts of the conduct underlying all substantiated disciplinary investigations and resulting penalties, but to leave unredacted all information concerning the dates of investigations, the entity conducting the investigation, and whether the allegation was substantiated. Should a member of the public determine that further details are necessary, they may seek that information through the appropriate channels.

References to arrests, convictions, and civil actions are matters of public record and should be unsealed. See Johnson ex rel. Johnson v. Columbia Univ., No. 99-cv-3415, 2003 WL 22743675, at *11 (S.D.N.Y. Nov. 19, 2003) ("[C]ourts have held that the right of confidentiality does not prohibit the disclosure of an individual's criminal history, including the individual's arrest records."). However, the government is directed to redact the nature and details of any uncharged arrests, which are of minimal relevance here and implicate third-party privacy concerns. See Monahan v. City of New York, No. 20-cv-2610, 2022 WL 993571, at *2

---

[1] There is no public database of IAB records. Limited CCRB records are accessible in an online database, see https://www1.nyc.gov/site/ccrb/policy/MOS-records.page, but this database provides minimal detail about each underlying incident. It does not include open or mediated allegations, complaints filed before 2000, or referrals to the NYPD or other investigative entities.

(S.D.N.Y. Mar. 30, 2022) (noting that "unrestricted public access to [arrest records] runs a risk of misuse or unfair embarrassment").

Finally, the government is directed to redact all references to mental health history from the motion due to the sensitive nature of this material and its immateriality to the case.

### B. The Text Message Exhibit

The parties do not dispute that the text message exhibit attached to Zottola's motion in limine is a "judicial document," and that a common-law presumption of access attaches. Although the presumption of public access is somewhat lower for filings submitted in connection with a motion in limine, Brown v. Maxwell, 929 F.3d 41, 50 (2d Cir. 2019), the parties have not identified countervailing factors sufficient to outweigh this presumption, id. (noting the "court must still articulate specific and substantial reasons for sealing such material").

The defense argues that the exhibit should remain sealed because it is subject to a protective order. But the fact that "a document was produced in discovery pursuant to a protective order has no bearing on the presumption of access that attaches when it becomes a judicial document." Collado v. City of New York, 193 F. Supp. 3d 286, 289-90 (S.D.N.Y. 2016). The Court is likewise unmoved by the defense's references to "salacious" media attention. The fact that the case has garnered media attention has no bearing on this particular exhibit or the public's right to view it. See United States v. Maxwell, 2022 WL 421123, at *3 (S.D.N.Y. Feb. 11, 2022) ("The possibility of media attention does not outweigh the presumption of access.").

The Court does, however, acknowledge the privacy interests implicated by the full unsealing of the exhibit, which contains cell phone numbers and messages to and from individuals neither on trial nor, as far as the Court is aware, alleged to be involved in the conspiracy. It is well-established that "the privacy interests of innocent third parties . . . should

weigh heavily in a court's balancing equation." Amodeo, 71 F.3d 1044 at 1050-51 (cleaned up). The Court therefore directs the parties to file an unsealed version of this exhibit, but to redact from the exhibit all cell phone numbers and names of third parties, as well as any messages sent to and from any third parties not alleged to have played a role in the conspiracy.

## CONCLUSION

For the foregoing reasons, the motion to unseal is granted in part. The parties are directed to confer on the redactions described herein and file unsealed versions of the documents by September 16, 2022.

SO ORDERED.

Dated: Brooklyn, New York  /s/ Hector Gonzalez
      September 12, 2022  HECTOR GONZALEZ
        United States District Judge