1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,        : 18-CR-00609(RJD)
                                 :
                                 :
                                 :
         -against-               : United States Courthouse
                                 : Brooklyn, New York
                                 :
                                 :
BUSHAWN SHELTON, ET AL.,         : Monday, September 13, 2021
                                 : 12:00 p.m.
         Defendant.              :
                                 :

- - - - - - - - - - - - - - X

TRANSCRIPT OF CRIMINAL CAUSE FOR STATUS CONFERENCE
BEFORE THE HONORABLE RAYMOND J. DEARIE
UNITED STATES SENIOR DISTRICT JUDGE

A P P E A R A N C E S:

For the Government: JACQUELYN M. KASULIS, ESQ.
                    United States Attorney
                    Eastern District of New York
                      271 Cadman Plaza East
                      Brooklyn, New York 11201
                BY: KAYLA C. BENSING, ESQ.
                    EMILY J. DEAN, ESQ.
                    Assistant United States Attorneys


For the Defendant:   LAW OFFICES OF NATALI J.H. TODD, P.C.
Bushawn Shelton         26 Court Street
                        Suite 413
                        Brooklyn, New York 11242
                    BY: NATALI J.H. TODD, ESQ.


VB        OCR        CRR

A P P E A R A N C E S:   (Continued)

```
For the Defendant:     MICHAEL K. BACHRACH
Herman Blanco             276 Fifth Avenue
                          Suite 501
                          New York, New York 10001
                       BY:MICHAEL K. BACHRACH, ESQ.


For the Defendant:     MAHER & PITTELL, LLP
Julian Snipe              229 East Shore Road
                          Great Neck, New York 11023
                       BY:JEFFREY G. PITTELL, ESQ.


                       THOMAS AMBROSIO, ESQ.
                          750 Valley Brook Avenue
                          Lyndhurst, New Jersey  07071
                       BY:THOMAS AMBROSIO, ESQ.




Court Reporter:        VICTORIA A. TORRES BUTLER, CRR
                          225 Cadman Plaza East/Brooklyn, NY 11201
                          VButlerRPR@aol.com
Proceedings recorded by mechanical stenography, transcript
produced by Computer-Aided Transcription.
```

1          (In open court.)
2          (Judge RAYMOND J. DEARIE enters the courtroom.)
3          THE COURTROOM DEPUTY:  Counsel, please, state your
4    appearances for the record prior to the Judge taking the
5    bench.
6          Can we start with Counsel for the Government.
7          MS. BENSING:  Kayla Bensing and Emily Dean for the
8    Government.
9          MS. DEAN:  Good morning.
10         MR. BACHRACH:  Michael Bachrach and John Diaz for
11   Herman Blanco.
12         MR. AMBROSIO:  Thomas Ambrosio and Jeffrey Pittell
13   on behalf of Julian Snipe.
14         MS. TODD:  And Natali Todd for Mr. Shelton.
15         (Defendants enter the courtroom.)
16         (Judge enters the courtroom.)
17         THE COURT:  Good afternoon, everyone, please have a
18   seat.
19         All right, Catherine, if you will?
20         THE COURTROOM DEPUTY:  We are here this afternoon
21   for a status conference in the matter of United States versus
22   Shelton, et al., Docket Number 18-CR-609 for defendants
23   Bushawn Shelton, Herman Blanco and Julien Snipe.
24         THE COURT:  Counsel have recorded their appearances?
25         THE COURTROOM DEPUTY:  Correct.

1  THE COURT: Well, welcome back, everyone. It is
2 good to see people up and about.
3  I saw three co-defendants earlier this morning about
4 an hour ago, Mr. Codner, Mr. Ross and Mr. Peterson, and their
5 Counsel. I think perhaps the easiest way to get us started
6 is, Ms. Bensing, if you could repeat what you told us all in
7 response to one of my inquiries.
8  MS. BENSING: Yes, Your Honor.
9  So, the update on timing in terms of the Capital
10 Case process is that within about two weeks of receiving the
11 full set of mitigation submissions, the U.S. Attorney's Office
12 for the Eastern District of New York transmitted its
13 recommendation as to whether to seek the death penalty against
14 all defendants to D.C. That has now been with the D.C.
15 Capital Case section for approximately two weeks.
16  As we discussed this morning with the earlier
17 Defense group, I think the consensus is that it makes sense to
18 put this on for a status conference in approximately 60 days.
19 I know that the Court this morning sort of urged in the
20 strongest terms that the Department of Justice have some sort
21 of update at that point, which I will relate to the Capital
22 Case section in D.C.
23  THE COURT: Well, I do not know if I said update. I
24 would hope it would be somewhat more definitive a position,
25 but yes.

Have you spoken to Counsel about a 60-day adjournment?

MS. BENSING: I have not spoken to them about the exclusion of time, but I spoke to, I think, most everybody. I did not speak to Ms. Todd but most everybody else, about the 60 days, Your Honor.

THE COURT: All right.

Well, I will repeat what I said earlier. I urge the Department in the strongest possible terms to make significant progress on this critical review so we can begin to plan the balance of the case or cases. I say cases in the eventuality that we end up with both capital and noncapital defendants.

We also talked about not so much setting a trial date, but about the hope of when we next convene that we will be in a position to think realistically about a trial date or dates. As you could expect, you can understand, I am sure, COVID has wreaked havoc on our trial calendars. That is not to say that this case would not enjoy a strong priority given the fact that these fellows have been behind bars for so long and the charges are, of course, quite serious.

One question I did not ask you but that I think Mr. Ruhnke brought up briefly is, can you give me a rough -- and I do mean rough -- estimate. If we were to proceed as presently constituted in a noncapital fashion, how long would you anticipate the trial to take?

1  MS. BENSING: Your Honor, I do think some of this
2  would depend on which defendants would be at the trial.
3  Assuming that the trial went as to each defendant, I think we
4  would be looking at over a month.
5  THE COURT: A month's time.
6  So it behooves me, if indeed I am going to try it in
7  the next year or so, to begin to focus with all of you on
8  dates once we know the configuration of the case.
9  With that, I want to just add, Mr. Pittell,
10 Mr. Snipe has written to the Court. I want him to know I do
11 not ignore his letters. Knowing we were convening, I thought
12 it best that I broach the subject, bring up the subject of his
13 letter and his expressed dissatisfaction with the exclusion of
14 time for Speedy Trial Purposes. I certainly understand his
15 and his colleagues' frustration and impatience. I think we
16 all do.
17 Have you had an opportunity, Mr. Pittell, to speak
18 to Mr. Snipe about his letter to the Court?
19 MR. PITTELL: Yes, I have.
20 THE COURT: Okay.
21 Well, I can appreciate the fact that he is impatient
22 and wants to get this matter resolved, particularly in light
23 of some of the things he said in his letter, and I am going to
24 do everything I can to do that within the confines of our
25 capital construct as it now exists. Hopefully, that will

1  abate and we can then proceed in a more traditional fashion.
2          If that is the case, I will move this case to the
3  top of my trial calendar, number one, subject of course to
4  Counsel's availability, but I will be available to try the
5  case if we are going to try it any time soon.  Obviously, we
6  will need time for motion practice and so forth, but I would
7  be inclined to set it down at the earliest possible date for
8  resolution.
9          With that, let me turn to Counsel.  Appearing for
10 Mr. Shelton today is?
11         MS. TODD:  Natali Todd.
12         Good afternoon, Your Honor.
13         THE COURT:  Good afternoon, nice to have you here.
14         Is there anything you want to bring up?
15         MS. TODD:  No, Your Honor, not at this time.
16         THE COURT:  Mr. Hueston?
17         MR. BACHRACH:  Mr. Hueston is not here.
18         Michael Bachrach, Your Honor, how are you.
19         THE COURT:  Fine, thank you.
20         MR. BACHRACH:  Nothing.
21         Just to bring up a question, though.  Just thinking
22 ahead if there is a noncapital trial.  In this district is
23 there a limit under the COVID rules as to the number of
24 defendants that can be present for a single trial?  Because I
25 know in other districts, like the Southern District, they have

```
                        Proceedings                        8
```

1   a two-defendant limit.  It's something I thought we should be
2   thinking about if there is a limit here.
3           THE COURT:  To be honest with you, I do not know,
4   but I will find out.
5           MR. BACHRACH:  Thank you.
6           THE COURT:  I will get that information to you all.
7           MR. BACHRACH:  Thank you.
8           THE COURT:  I should know, but I do not.
9           Mr. Pittell, is there anything you want to bring up?
10          MR. PITTELL:  Nothing in particular.
11          I mean, just to follow up a bit on Mr. Snipe's
12  letter.  You know, I think part of his frustration is, I know
13  this has been sort of an ongoing issue in this case, is:  One,
14  there is the detrimental effect of the separation order.
15  Like, for example, Mr. Ambrosio went to try to meet with him
16  at the MDC but because Mr. Shelton was meeting with his
17  mitigation specialist, he was denied access to meet with
18  Mr. Snipe.  It also, even before COVID, resulted in his being
19  locked in his unit.
20          Now, because of COVID, the lockdowns have become a
21  way of life and I think all of us agree that there is a
22  lockdown in the jail not because of COVID, but because of
23  staff shortages, which it may be because of COVID, but now
24  that the Bureau of Prisons seems to have used that as a sort
25  of crutch to lock down inmates when they don't have to.

1    I mean, I guess if there's -- we have made a bail
2    application once before.  I think if this continues to go, I'd
3    like to perhaps, if I can put a sufficient package together to
4    be able to re-submit it in light of the fact that probably a
5    year's gone by since I submitted it, but I wanted to at least
6    put that on the record so the Court knows what's going on.
7          THE COURT:  Thank you.  I appreciate it.
8          I will always consider a bail package.  Obviously,
9    the dynamics of this case have made the question of bail,
10   let's be candid with one another, very difficult.  If those
11   circumstances change, as they may well, I will be more than
12   willing to take a fresh look at any bail situation.  These
13   guys have been in jail long enough pre-trial.  I am not making
14   any promises, but I will have an open mind when and if these
15   circumstances change.  I promise that.
16         It is a problem for all of us, let's face it, but
17   they bear the brunt of it.  So whatever I can do to get this
18   thing resolved sooner rather than later, I promise you I am
19   going to do.  As chaotic as my trial schedule is -- not
20   because of anything other than the COVID -- this case will get
21   as high a priority as I can possibly give it.  So beyond that,
22   I am receptive to anything.
23         Perhaps next time we can meet as a group, we will
24   see as the time gets there, but -- Catherine what was that
25   date again?

Proceedings 10

THE COURTROOM DEPUTY: November 29th. The previous group was for 11:00 a.m. Shall we make this one for 12:00 p.m.?

THE COURT: Okay, 11/29, high noon.

We are confident -- or maybe not confident -- we are extremely hopeful that we will have made significant progress in the configuration of this case by that time. Again, I repeat my strongest possible urging under these unusual circumstances where the period of detention has been so excessive, that the Department bring this matter to a conclusion. Hopefully, a satisfactory one.

Mr. Snipe has put some motions in play, Mr. Pittell, obviously on the question of Speedy Trial. I note his objection to the exclusion, although I note at the same time that much of the passage of time has been in, shall we say, everyone's interest; preparation of mitigation reports, of course, and other circumstances that may work to the advantage of these gentlemen facing these charges. The interests of justice justify, given the pandemic, given the gravity of these charges, given the unfortunate bail situation, that we exclude the time to accommodate this further. Hopefully, definitive development come November 29th and we can all give some thanks.

So, to the extent he seeks to move on Speedy Trial grounds, that motion is denied.

Proceedings                                                               11

1       He also has asserted a claim in the nature of a
2   motion in limine to declare the capital punishment
3   un-Constitutional.  Well, that is an interesting issue, one
4   that I have had occasion to address in the past in other
5   capital cases.  Bound as I am by controlling precedent, I,
6   myself have to deny to motion, but would that the
7   circumstances were different and I had a clean slate, maybe I
8   would feel differently and indeed, maybe the authorities will
9   if they come around.
10              Is there anything else?
11              MS. BENSING:  Your Honor, just so that the record is
12  clear, the Government would move to exclude time under the
13  Speedy Trial Act as to all defendants here today.
14              THE COURT:  The application is granted for the
15  reasons stated.
16              Is there anything else?
17              ALL:  No, Your Honor.
18              THE COURT:  All right.
19              Hopefully next time we will make some real progress.
20  Thank you for your time.  Stay healthy.  See you next time.
21              ALL:  Thank you, Your Honor.
22
23              (Matter concluded.)
24                          oooOooo
25

                         VB      OCR      CRR
*I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.*
                    /s/ Victoria A. Torres Butler   April 27, 2022